IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

    Plaintiff,

v.                                    CASE NO. 1:11-cv-00048-SPM -GRJ

MICHEAL BRYANY,

    Defendant.

_____/

## **O R D E R**

Pending before the Court is Plaintiff's Complaint Against Micheal Bryany. The complaint is not filed on the standard forms and is not accompanied by a filing fee or a motion for leave to proceed *in forma pauperis*. (Doc. 1.) This case is the fourth lawsuit Plaintiff has filed in the last few weeks and each one has been similarly deficient. (See Case Nos. 1:11cv034, 1:11cv035, 1:11cv036). As he has been previously instructed, local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 or 2000e (Title VII), 28 U.S.C. §§ 1331 or 1346, shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court.

Although Plaintiff has provided very limited information in his "complaint," it appears that Plaintiff is seeking damages for legal malpractice from his lawyer in a pending state court matter. A claim for legal malpractice is not a constitutional claim and therefore must be brought in state court. On the other hand if Plaintiff is seeking

release from custody but he has not yet been convicted in state court, Plaintiff should request this relief in state court. A federal court cannot order the release of the Plaintiff from custody in a criminal case pending in state court. Because the Plaintiff has not used the standard form for filing his complaint, if Plaintiff believes he has a viable claim after considering the information in this order, Plaintiff must file an amended complaint utilizing the court's standard form.

Further, since the filing of the three previous lawsuits it appears that Plaintiff is now incarcerated at the Levy County Jail. Under these circumstances, leave to proceed without prepayment of court costs is assessed differently. Section 1915, as amended by the "Prison Litigation Reform Act of 1995 (hereinafter "PLRA"), requires the court to assess an initial partial filing fee on all inmates who are permitted to proceed *in forma pauperis*. Under the PLRA, all prisoners will eventually pay the district court's entire $350 filing fee when bringing a civil action, or filing an appeal, *in forma pauperis*. If a prisoner's account statement shows that he cannot pay even the required initial partial fee, the civil action may nevertheless proceed; however, the total $350 fee will be assessed and deducted from future deposits to Plaintiff's prison account until the total filing fee is paid. Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.] Even after the initial partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Furthermore, § 1915(g) prohibits a prisoner from filing

any further suit or appeal without full prepayment of the filing fee if the prisoner has had three actions or appeals dismissed on one of the previously mentioned grounds set out in Section 1915(e)(2).

The Court must assess an initial partial filing fee based on the average monthly deposits in Plaintiff's prison bank account in accordance with 28 U.S.C. § 1915(b)(1). Thus, Plaintiff must submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from **August 1, 2010 to February 28, 2011.** Plaintiff must obtain account statements from the appropriate official of each prison at which he is, or has been, confined for the six (6) month period prior to the filing of this complaint. If Plaintiff was not incarcerated during any portion of this time period, he must specifically advise the court.

Accordingly, it is **ORDERED:**

1. The clerk of court shall forward to Plaintiff an application for leave to proceed *in forma pauperis* with a Prisoner Consent Form and a blank civil rights complaint

2. Plaintiff shall have until **April 27, 2011,** to either: (1) file a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis*, or (2) pay the full $350.00 filing fee, or (3) file a notice of voluntary dismissal of this case pursuant to Fed.R.Civ.P. 41(a). Plaintiff must also sign, complete, and have a prison official sign the Prisoner Consent Form.

3. Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of

this court.

**DONE AND ORDERED** this 30th day of March, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge